## GEORGE MOYER *against* CHRISTIAN GROSS.

The act of the 7th February, 1812, which directs that patents shall issue on warrants obtained under the act of 22d September, 1794, without further evidence of settlement and improvement than that on which the warrant was granted, was not intended to repeal that act, or to established titles obtained in fraud of it; but to make the original proof sufficient to authorize the issuing of the patent.

THIS was an appeal from the Circuit Court of *Westmoreland* county.

The plaintiff gave in evidence a warrant, dated the 28th June, 1797, to *George Moyer*, for 100 acres of land on Little Sewickly; interest to commence from the 1st of March, 1794: application for same, certified by two justices of the peace, that agreeably to the best information, the same land was improved in the year 1794, grain raised, and that a family resided thereon "at present," dated 16th June, 1797.

A survey on said warrant, by the deputy surveyor, on the 23d of March, 1814, of one hundred and eight acres.

The defendant then offered to prove, that said *George Moyer* never resided on the said land; that he resided on Brush Creek, from 1790; and that no person ever resided thereon until 1829, when the defendant entered on the same and made an actual personal resident settlement thereon, with his family, and continued the same until the commencement of the present action.

Which testimony so offered, being objected to by plaintiff, was over-ruled by the Court.

The Court then gave it in charge to the jury, that the plaintiff's warrant by the law of the 7th of February, 1812, entitled "an act more particularly directing the issuing of patents," became good and valid to every intent and purpose on the execution thereof; except against a title commencing prior to said survey; and could not be impeached by proof of want of settlement, or improvement, at or before the said warrant issued or at any time afterwards, by any improvement or settlement on said land after said survey for the plaintiff.

The rejection of the evidence offered, and the charge of the Court to the jury, were assigned as reasons for a new trial; which being over-ruled, the defendant appealed.

*A. W. Foster* for appellant.

This case depends upon the construction which the Court will give to the act of 7th February, 1812, *Purd. Dig.* 503. The only object of this act was, to relieve the person applying for a patent, from the trouble and expense of making the same proof of

(George Moyer *v.* Christian Gross.)

settlement which he had made before when he obtained his warrant; but it was not intended to supercede the necessity of a settlement, in order to the validity of the title.   In this case, no patent had yet issued to the plaintiff, and it will be time enough, when the question arises, to discuss whether, even after a patent issues, an actual resident settlement will not be thebetter title.   ·

*J. B. Alexander* for the appellee, did not argue the cause, as he could only repeat what the circuit judge had given as his reasons for the decision below.

The opinion of the Court was delivered by

Gibson, C. J.—The act of the 7th of February, 1812, which directs that patents shall issue on warrants obtained under the act of the 22d of September, 1794, without further evidence of settlement and improvement than that on which the warrant was granted, was not intended to repeal that act, or to establish titles obtained·in fraud of it, but to make the original proof sufficient to authorize the issuing of the patent.   It is the practice every day to issue patents that may not vest an indefeasible title; nor would it follow that the title must be necessarily bad, unless the patentee should prove the facts of settlement and improvement, by new evidence, to the satisfaction of the Surveyor·Generel.   There would be no incongruity in issuing the patent, for the sake of convenience, at the risk of the patentee as to title; and in leaving him to establish the goodness of it in an action with any adverse claimant.   Had the act of 1812, been a repeal, it would have been unnecessary for the legislature to repeal the act of 1794, as they have done, by distinct provision two years afterwards.   Having been a member of the legislature in 1812, I know that no repeal was in fact contemplated, the law being introduced for the sake of convenience, and to obviate scruples perhaps properly entertained by the Secretary of the Land Office.   Since then, I have always understood the construction to be as I have stated it; and on this ground the cause is sent to another trial.        ᵢ

Huston, J. dissented.

Judgment reversed and a new trial awarded.